AO 91 (Rev. 11/11)   Criminal Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**FILED**

Jan 26 2022

ARTHUR JOHNSTON, CLERK

# UNITED STATES DISTRICT COURT
### for the
#### Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br><br>Sonya Kay Bradstreet<br><br>Defendant(s) | Case No. 1:22mj 508 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 25, 2022__ in the county of __Pearl River__ in the __Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Defendant 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Convicted Felon. |

This criminal complaint is based on these facts:

See affidavit attached hereto and incorporated herein

☑ Continued on the attached sheet.

_____
Complainant's signature

Ray W. Bell, Task Force Officer, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 1-26-2022

_____
Judge's signature

City and state:   Gulfport, Mississippi      Robert P. Myers, Jr., United States Magistrate Judge
Printed name and title

## Affidavit in support of a Criminal Complaint

Your Affiant, Ray Bell, being duly sworn, deposes and states the following:

I am a Task Force Agent with the United States Drug Enforcement Administration (DEA), Task Force Group. My Parent agency is the Long Beach Police Department (LBPD), where I hold the rank of Detective Sergeant in the Narcotics Division. The DEA Task Force in Gulfport, Mississippi, is made up of Special Agents from the DEA, Special Agents from Homeland Security Investigations (HSI), Agents from the Mississippi Bureau of Narcotics (MBN), and Detectives from the Police Departments of Biloxi, Harrison County, Jackson County, and Gulfport. I have been assigned to the DEA Task Force in Gulfport, Mississippi for over four years. I have been employed by the Long Beach, Mississippi Police Department as a Police Officer since August, 2002. My primary duties at the DEA Task Force include the investigation of organized narcotics traffickers. I have participated in numerous narcotics investigations, during the course of which I have conducted or participated in physical and wire surveillances, including previous Title III investigations, undercover transactions, the introduction of undercover agents, the execution of search warrants, debriefing of informants, and reviews of taped conversations and drug records. I have also been the Affiant for multiple, search warrants, and arrest warrants. Through my training, education, and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed and the methods of payments for such drugs.

1. This affidavit is based on information from law enforcement agents and sources and on my examination of various reports, evidence and records. This is being submitted for the limited purpose of establishing probable cause to support issuing a criminal complaint. It does not include all the facts that have been learned during the course of this investigation.

2. Based on personal knowledge and information I received from various law enforcement sources including the Gulfport Police Department, I am aware of the following facts:

3. On or about January 23, 2022, Agents from the Mississippi Bureau of Narcotics (MBN) along with Agents from the Drug Enforcement Administration (DEA), began investigation into the suspected overdose death of Y.S. who lived in Pearl River County, Mississippi. An MBN Agent responded to the initial call by way of notification from the Pearl River County Coroner. Through investigation, and research of the decedent's cell phone, the Agent observed digital data that indicated the decedent's source of supply was Jacob Reynard WHITEHEAD of Carriere, Mississippi. The Agent conducted witness interviews and confirmed that Y.S. did in fact go to WHITEHEAD's home to purchase controlled substances the night before she died. WHITEHEAD shares this home with Sonya Kay BRADSTREET. Agents researched WHITEHEAD and BRADSTREET by using multiple electronic investigative tools and Law Enforcement data bases to confirm that BRADSTREET and WHITEHEAD still lived at 155 Whitehead Lane, Carriere, MS. On January 25, 2022, DEA, MBN and Pearl River County Sheriff's Department investigators executed a search warrant at the home of WHITEHEAD and BRADSTREET in Carriere, MS. WHITEHEAD and BRADSTREET both acknowledged living in the residence and it was apparent to law enforcement that they did in fact live there and shared the same room.

4. As a result of the search warrant, approximately 3 grams of methamphetamine, six doses of buprenorphine strips, one ounce of marijuana, three firearms and US currency were recovered.

5. DEA, TFO Bell has reason to believe that BRADSTREET was aware of the firearms because she knew the location of the drugs that were found in the home and directed Agents to that location. The firearms were present in an area of the home that required you to pass by them in order to get the drugs. Furthermore, WHITEHEAD admitted during post Miranda interview to possession of the firearms. TFO Bell also has reason to believe that WHITEHEAD is a drug user because during a post-miranda interview, he admitted to being a drug user and indicated the amounts of drugs found by Agents were all for personal use, not for sale. TFO Bell found that BRADSTREET was a previously convicted felon.

6. Based upon the foregoing information, my training and experience, I submit this information supports probable cause to believe that Sonya Kay BRADSTREET violated Title 18, United States Code, Section 922(g)(1), possession of a firearm by a convicted felon, in that, on or about January 25, 2022, in the Southern District of Mississippi, the defendant, Sonya Kay BRADSTREET, unlawful user/possessor of a controlled substance, knowingly and willingly possessed a silver Bryco .380 handgun (serial number is defaced), a Heritage .22 cal revolver serial # U74830, and a Marlin Model 60, .22 caliber rifle, serial # MM86474G. This information also supports probable cause to believe that Jacob Reynard WHITEHEAD violated Title 18, United States Code, Section 922(g)(3) for being an unlawful user of narcotics and possessing a firearm by possessing a silver Bryco .380 handgun (serial number is defaced), a Heritage .22 cal revolver serial # U74830, and a Marlin Model 60, .22 caliber rifle, serial # MM86474G.

7. On January 26, 2022, DEA, TFO Bell spoke to Alcohol Tobacco and Firearms (ATF) Special Agent (SA), Shane Lynes who confirmed that none of the above listed firearms are manufactured in the State of Mississippi therefore affecting interstate or foreign commerce.

8. DEA, TFO Bell has reason to believe that there is probable cause that BRADSTREET violated 18 U.S.C. 922(g)(1) and WHITHEAD violated 18 U.S.C. 922(g)(3).

Ray W. Bell
Task Force Agent, US Department of Justice
Drug Enforcement Administration

Sworn and subscribed before me this 26th day of January 2022.

United States Magistrate Judge